UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE RUBIO,<br><br>        Plaintiff,<br><br>    v.<br><br>THE RUSHCARD and THE BANCORP BANK;<br><br>        Defendants. | **1: 13-cv-1470 AWI-GSA**<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION WITHOUT LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff, Jorge Rubio ("Plaintiff"), a civil detainee at the Coalinga State Hospital appearing pro se, filed the instant civil rights complaint alleging violations of 42 U.S.C. § 1983. (Doc. 1). Plaintiff has named the RushCard and The Bankcorp Bank in this action as defendants ("Defendants"). The court has screened the complaint and recommends that the complaint be dismissed without leave to amend.

///

1

# DISCUSSION

A. **<u>Screening Standard</u>**

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*. at 1949.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); see also *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se

pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*). Accordingly, pro se plaintiffs are afforded the benefit of any doubt. *Id*.

**B.      Plaintiff's Allegations**

Plaintiff alleges that on May 31, 2012, while he was housed at Coalinga State Hospital, the Internal Revenue Service placed $1,468.69 for payment of his tax refund onto a prepaid debit/credit card issued by RushCard. On June 4, 2012, it was discovered that the card had been allegedly activated by another inmate at the institution, Mr. Lewis, who had helped Plaintiff obtain the card. Subsequently, Mr. Lewis allegedly admitted that he had arranged that the card be sent to him rather than to Plaintiff, and he had deducted $19.46 from the card to purchase tea. Upon the discovery of these facts, Plaintiff called the RushCard, and requested that a hold be placed on the card until further notice. Plaintiff subsequently has tried to receive the funds from RushCard, but the company has refused to release the money or reactivate the card as requested.[1]

Plaintiff contends that Bancorp is the "financial banker" who holds all of the RushCard's "prepaid financial transactions." He brings this action against both of these defendants alleging they have interfered with his ability to obtain rightful possession of his funds, and failed to advise Plaintiff that the card was issued in a different inmate. He alleges the companies engaged in fraud, beached their contractual agreements which have resulted in a violation of the Fair Business Practices Act and the Federal Tort Claims Act. He also asserts a violation the Fourteenth Amendment's Equal Protection Clause. He contends that all of these violations serve

---

[1] Plaintiff asserts that the bank has advised him that it will refund the money if Plaintiff gives a friend who is assisting him power of attorney. It appears that Plaintiff does not want to pursue this avenue.

3

as a basis for his section 1983 claim. Plaintiff requests that the Court issue a declaratory judgment that Defendants violated the Fair Business Practices Act and that Defendants violated his Constitutional rights pursuant to 42 U.S.C. § 1983. He also requests compensatory damages in the amount of $15,000.00 against each Defendant, $50,000 punitive damages against each Defendant, $1,468.69 the amount of his tax refund, and any other relief the Court deems appropriate.

**C.    Analysis**

   ***1.    42 U.S.C. § 1983***

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress ...
> 42 U.S.C. § 1983.

To state a claim under section 1983, a plaintiff must allege a deprivation of a right secured by the Constitution or other law of the United States, and must show that the alleged deprivation was committed by a person acting under color or state law. *West v. Atkins*, 487 U.S. 42 (1988). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S.Ct. at 1949-50; *Moss*, 572 F.3d at 969.

A civil rights plaintiff suing a private individual under § 1983 must demonstrate that the private individual acted under color of state law; plaintiffs do not enjoy Fourteenth Amendment protections against "private conduct abridging individual rights." *Burton v. Wilmington Parking*

4

*Auth.*, 365 U.S. 715 (1961). Moreover, "private parties are not generally acting under color of state law." *Price v. Hawaii*, 939 F.2d 702, 707–09 (9th Ci r.1991); see also *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11 th Ci r.1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."). Section 1983 liability attaches only to individuals "who carry a badge of authority of a State and represent it in some capacity." *Franklin v. Fox,* 312 F.3d 423, 444 (9th Cir.2002) (citations omitted). The Supreme Court has identified four tests to determine whether a private individual's actions implicate state action: (1) the public function test, (2) the joint action test, (3) the state compulsion test, and (4) the governmental nexus test. *Johnson v. Knowles,* 113 F.3d 1114, 1118 (9th Cir.1997).

Here, Plaintiff does not allege that the Defendants are state actors.  In fact, both Defendants are private financial institutions and the transaction in question is a private monetary exchange between the Plaintiff and financial institutions.  Therefore, no state actor exists and allegations of constitutional violations are not applicable in this situation.  Accordingly, Plaintiff's complaint fails to state a § 1983 claim and the case with be dismissed without leave to amend as no amendment will cure this deficiency.

### 2.     *Federal Tort Claims Act*

Plaintiff's complaint makes reference to a violation of the Federal Tort Claims Act, however his reliance on this statute is misplaced. The Federal Tort Claims Act applies only to cases brought against the United States and relate to damages caused by a wrongful act of a federal government employee while acting within the scope of the employee's office or employment.  See 28 U.S.C., §§1346(b), 2672.  Here, there is no federal employee involved in the financial transaction, nor is the United States a party.  Therefore, Plaintiff cannot state a claim pursuant to the Federal Tort Claims Act.

///

### 3. *State Law Claim*

Although Plaintiff has not alleged separate causes of actions for any state law claim, the Complaint makes reference to a violation of the "Fair Business Practices Act" which the Court construes as a violation of the California Unfair Practices Act. Cal. Bus. & Prof Code § 17000 *et seq*. Plaintiff is advised that this Court does not have jurisdiction to consider this claim. Federal courts can only adjudicate cases authorized by the United States Constitution and Congress. Generally, federal courts have jurisdiction to handle state law claims only when diversity of citizenship is established (the matter in controversy exceeds $75,000 and is between citizens of different states). 28 U.S.C. § 1332(a); *See also*, *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Here, Plaintiff has not established the required $75,000.00 in damages for diversity jurisdiction.

First, the complaint alleges compensatory damages of $15,000.00, $50,000.00 in punitive damages, and $ 1,468.69, restitution, for a total of $66,468.69 against each Defendant. Whether a single Plaintiff's damages against several defendants can be aggregated for jurisdictional purposes depends on whether the defendants are jointly liable to Plaintiff on each claim. L*ibby, McNeill & Libby v. City of Nat'l Bank,* 592 F. 2d 504, 509 (9th Cir. 1978). Here, assuming Plaintiff could establish a claim under the California Unfair Practices Act, there is no indication that these defendants would be jointly liable to Plaintiff.

Furthermore, the requested compensatory and punitive damages are not available under this statute. There are only three types of remedies available under the California Unfair Practices Act : injunctive relief, restitution, and civil penalties. Injunctive relief and restitution are available in both private party and government actions. Cal. Bus. & Prof. Code § 17203. A civil penalty of $2,500.00 for each violation is available only in government enforcement actions. Cal. Bus. & Prof. Code § 17206. Since Plaintiff is a private party, if he is successful, he would

only be entitled to $1,468.69 restitution, which is well below the required. $75,000.00 threshold. A dismissal for lack of a jurisdictional amount is proper if it appears to a legal certainty that the claim is less than the jurisdictional amount. *Pachinger v. MGM Grand-Hotel –Las Vegas, Inc.*, 802 F. 2d 362, 364-365 (9th Cir. 1986). Legal certainty exists in only three situations: (1) when the terms of a contract limit the plaintiff's possible recovery, (2) when a specific rule of law or measure of damages limits the amount of damages recoverable, and (3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction. *Pachinger*, 802 F. 2d at 364. Because the requested damages are not available under the relevant statute, Plaintiff is unable to establish that jurisdiction in this Court is proper for this claim. *Id*.

### *3.   Conclusion*

Given that the above, Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983 and under the Federal Tort Claim Act. Plaintiff has also failed to establish that jurisdiction is proper for any other state law claim asserted in the complaint. Since these deficiencies are not curable by amendment, the Court will recommend that Plaintiff's complaint be dismissed without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**RECOMMENDATION**

For the reasons set forth above, the Court recommends that Plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim.

These findings and recommendations are submitted to the District Court Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1)(B). Within **thirty (30) days** after the date of this Finding and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation."

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 16, 2014**              **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE